IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TILDEN J. POSIN,

    Plaintiff,

v.                                                Civil Action No. 5:08CV97
                                                                  (STAMP)

WEST VIRGINIA BUREAU OF
EMPLOYMENT PROGRAMS,
WORKFORCE WEST VIRGINIA DIVISION,
WEST VIRGINIA INSURANCE COMMISSION
STATE OF WEST VIRGINIA and
THE OHIO COUNTY SHERIFF,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO DISMISS BY DEFENDANTS
STATE OF WEST VIRGINIA AND
INSURANCE COMMISSION OF WEST VIRGINIA,
GRANTING MOTION TO DISMISS BY WORKFORCE WEST VIRGINIA,
GRANTING MOTION TO DISMISS BY DEFENDANT
OHIO COUNTY SHERIFF THOMAS F. BURGOYNE AND
DENYING AS MOOT MOTION BY DEFENDANT
OHIO COUNTY SHERIFF THOMAS F. BURGOYNE
FOR ENTRY OF DISMISSAL**

I.   Procedural History

The plaintiff, Tilden J. Posin ("Posin"), proceeding pro se,[1] filed a complaint in which he alleges that defendants State of West Virginia, Insurance Commission of West Virginia, and Workforce West Virginia ("state-entity defendants") violated his civil and constitutional rights by making intentional misrepresentations to the Circuit Court of Kanawha County for the purpose of obtaining an

---

[1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

adverse judgment against Posin and, on the basis of such judgment, to unlawfully seize his property.  Posin further alleges that defendant Ohio County Sheriff Thomas Burgoyne ("Burgoyne") executed the court order enforcing the judgment and that Burgoyne notified the media of the execution of the order to embarrass, harass, and intimidate Posin and his family.  Posin also claims that Burgoyne made veiled threats against his son, Samuel T. Posin ("Posin's son"), regarding enforcement of taxes.

Each defendant has filed a separate motion to dismiss. Thereafter, defendant Burgoyne filed a motion for entry of an order of dismissal.  With leave of court, Posin then filed a combined response to which each defendant replied separately.

After considering the parties' memoranda and the applicable law, this Court finds that the motion to dismiss by defendants State of West Virginia and Insurance Commission of West Virginia should be granted; that the motion to dismiss by defendant Workforce West Virginia should be granted; that the motion to dismiss by defendant Ohio County Sheriff Thomas Burgoyne should be granted; and that defendant Ohio County Sheriff Thomas Burgoyne's motion for entry of an order to dismiss should be denied as moot.

## II. <u>Facts</u>

A complete account of the factual and relevant legal history of this action, which appears to have its genesis in bankruptcy proceedings filed by Posin and his failure to pay state workers'

2

compensation and unemployment taxes, has not been presented to this Court by any of the parties. However, for purposes of addressing the defendants' various motions to dismiss, the following abbreviated account is sufficient.

On August 4, 2004, the Circuit Court of Kanawha County, West Virginia entered an order granting judgment to the Workers' Compensation Commission against Posin, Posin's son (who was also his business partner), and S.P. Jewelry Corp. ("S.P. Jewelry")[2] (the business co-owned by Posin and his son), jointly and severally, in the amount of $66,716.00, plus costs, and granting judgment to the Unemployment Compensation Division against Posin, his son, and S.P. Jewelry, jointly and severally, in the amount of $44,182.75, plus costs.[3] That order also permanently enjoined Posin, his son, and S.P. Jewelry from doing business in West Virginia until full satisfaction of the judgments and reinstatement of good standing to the respective accounts. The order further permanently enjoined Posin, his son, and S.P. Jewelry from transferring, encumbering, destroying, wasting, or concealing any of their property whatever until full satisfaction of the judgments and reinstatement of good standing to the respective accounts.

---

[2]S.P. Jewelry Corp. is not a party to this action.

[3]It is unclear when the state civil case was initiated or what precisely were the issues constituting the complaint.

On September 26, 2006, Posin, acting in his capacity as president of S.P. Jewelry, entered into a business agreement with his son, who was acting in his capacity as president of "Chai 18, Inc.," a West Virginia corporation the registration of which had not at that time been finalized. The September 26, 2006 business agreement leased to Chai 18, Inc., the physical plant of S.P. Jewelry, the "Posins" proprietary name, and the goodwill of the business.

On May 3, 2007, the Circuit Court of Kanawha County entered an order which found Posin and his son in contempt of that court's August 3, 2004 order by doing business in West Virginia. The May 3, 2007 order also confirmed the state court's pronounced ruling from a hearing held on April 25, 2007 ordering Posin and his son to "pay by Certified Check to [state] auditor, Tom Andrews, One Thousand Dollars ($1,000.00), by noon on Tuesday, May 2, 2007 and One Thousand Dollars on each Tuesday for each week the business remains open until the settlement amount of $20,181.27 was satisfied, else Posins Fine Jewelers t/a Chai 18, Inc., would be closed and not reopened."[4]

Subsequently, based upon the state entities' representation to the state court that the first payment of $1,000.00 had not been

---

[4] It is unclear from the state court's order--and the parties' briefs before this Court fail to reflect--why the order referred to the amount to be paid by Posin and his son as a "settlement amount."

received from Posin or his son, the state court ordered the Posin business to be closed and all assets secured by seizing the business's jewelry and cash and locking the doors of the business. That order, dated May 3, 2007, directed the Ohio County Sheriff to execute the order, shut down the business, and secure the assets. On May 4, 2007, Ohio County Sheriff Thomas Burgoyne executed the state court's May 3, 2007 order, closing the business and seizing the assets. Posin, who apparently did not appeal the state court's May 3, 2007 order, initiated this action on May 16, 2008, pursuant to 28 U.S.C. § 1343.

Defendants State of West Virginia and Insurance Commission of West Virginia, and, separately, defendant Workforce West Virginia move to dismiss on the ground that this Court lacks subject matter jurisdiction because the parties are not diverse and because Posin's claims do not present a federal question. Alternately, these defendants move to dismiss on the ground that Posin has failed to state a claim upon which relief may be granted because they are entitled to sovereign immunity under the United States and West Virginia Constitutions. Defendant Ohio County Sheriff Thomas Burgoyne moves to dismiss on the ground that Posin fails to state a claim upon which relief may be granted because Burgoyne is entitled to absolute immunity for his conduct in connection with the enforcement of the state court's order and because Posin's other allegations form no basis for any cause of action.

5

III. <u>Applicable Law</u>

A. <u>Motion to Dismiss for Lack of Subject Matter Jurisdiction</u>

A party may move to dismiss an action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). The burden of proving subject matter jurisdiction on a Rule 12(b)(1) motion to dismiss is on the party asserting federal jurisdiction. A trial court may consider evidence by affidavit, deposition, or live testimony without converting the proceeding to one for summary judgment. <u>Adams v. Bain</u>, 697 F.2d 1213, 1219 (4th Cir. 1982); <u>Mims v. Kemp</u>, 516 F.2d 21 (4th Cir. 1975). A lack of subject matter jurisdiction may be asserted at any time by any interested party either in the form of the answer or in the form of a suggestion to the court prior to final judgment. 5A Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1350, at 201-02 (2d ed. 1990). Because the court's very power to hear the case is at issue in a Rule 12(b)(1) motion, the trial court is free to weigh the evidence to determine the existence of its jurisdiction. No presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. <u>See</u> <u>Materson v. Stokes</u>, 166 F.R.D. 368, 371 (E.D. Va. 1996). Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject

matter, the court shall dismiss the action. <u>See</u> Fed. R. Civ. P. 12(h)(3).

B.  <u>Motion to Dismiss for Failure to State a Claim</u>

In assessing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a court must accept the factual allegations contained in the complaint as true. <u>Advanced Health Care Servs., Inc. v. Radford Cmty. Hosp.</u>, 910 F.2d 139, 143 (4th Cir. 1990). Dismissal is appropriate pursuant to Rule 12(b)(6) only if "'it appears to be a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proven in support of its claim.'" <u>Id.</u> at 143-44 (quoting <u>Johnson v. Mueller</u>, 415 F.2d 354, 355 (4th Cir. 1969)); <u>see also</u> <u>Rogers v. Jefferson-Pilot Life Ins. Co.</u>, 883 F.2d 324, 325 (4th Cir. 1989).

Stated another way, it has often been said that the purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. 5A Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1356, at 294 (2d ed. 1990). The Rule 12(b)(6) motion also must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact. <u>Id.</u> § 1356, at 298. For purposes of the motion to

dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a). Id. § 1357, at 304, 310.

A motion to dismiss for failure to state a claim under Rule 12(b)(6) should be granted only in very limited circumstances. Rogers, 883 F.2d at 325. A dismissal under Rule 12(b)(6) is granted only in cases in which the allegations raised in the complaint clearly demonstrate that the plaintiff does not have a claim and that no set of facts would support the plaintiff's claim. 5A Wright & Miller, supra § 1357, at 344-45.

IV. Discussion

A. Preliminary Issues Regarding Pro Se Civil Rights Litigants

As a preliminary matter, this Court observes that Posin is proceeding pro se. Accordingly this Court must liberally construe his pleadings. See Haines v. Kerner, 404 U.S. 519 (1971) (holding pro se complaint to less stringent standards than formal pleadings drafted by lawyers). Moreover, the law of this circuit requires particularly heightened solicitude for pro se plaintiffs asserting civil rights claims:

> The Fourth Circuit takes the position that its district courts must be especially solicitous of civil rights plaintiffs. This solicitude for a civil rights plaintiff must be heightened when a civil rights plaintiff appears pro se. In the great run of pro se cases, the issues are faintly articulated and often only

> dimly perceived. There is, therefore, a greater burden and a correlative greater responsibility upon the district court to insure that constitutional deprivations are redressed and that justice is done . . . . [T]he district court must examine the pro se complaint to see whether the facts alleged, or the set of facts which the plaintiff might be able to prove, could very well provide a basis for recovery under any of the civil rights acts or heads of jurisdiction in the federal arsenal for redress of constitutional deprivations.

Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978)(quoting with approval Canty v. City of Richmond, 383 F. Supp. 1396, 1399-1400 E.D. Va. 1974, aff'd, 526 F.2d 587 (4th Cir. 1975)(internal quotation marks omitted)). Therefore, in considering a defendant's motion to dismiss, a district court should "not permit technical pleading requirements to defeat the vindication of any constitutional rights which the plaintiff alleges, however inartfully, to have been infringed." Id. Moreover, where the plaintiff's complaint suggests the possibility that the plaintiff "could prove thereunder a state of facts which would entitle him to recover," even though the plaintiff has not alleged the precise basis for recovery, dismissal would be improper without first giving the plaintiff a reasonable opportunity to amend his claims: "What might be a meritorious claim on the part of a pro se litigant unversed in the law should not be defeated without affording the pleader a reasonable opportunity to articulate his cause of action." Id. at 1151-52. It is within this framework that Posin's allegations must be considered.

B.   Motions to Dismiss by Defendants State of West Virginia, West Virginia Insurance Commission, and Workforce West Virginia[5]

   1.   Subject Matter Jurisdiction

This Court has subject matter jurisdiction to entertain Posin's claims against the state-entity defendants. These claims, though not clearly articulated by Posin, appear to implicate federal constitutional protections and federal civil rights law, thereby invoking this Court's jurisdiction under 28 U.S.C. § 1331. To survive a motion to dismiss a complaint alleging civil rights violations under 42 U.S.C. § 1983 and 28 U.S.C. § 1343(3), a plaintiff must allege (1) an infringement of a right secured by the Fourteenth Amendment; (2) done under color of state law. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970). Although Posin's complaint does not neatly articulate the two required elements, he appears to assert that the state-entity defendants, acting as and on behalf of the State of West Virginia, improperly obtained and executed a court order for the seizure of his property in violation of his due process rights. This Court believes that under a liberal construction, these pro se pleadings offer a sufficient complement of factual and legal assertions to state a claim for violation of his civil rights.

---

[5]Defendants State of West Virginia and West Virginia Insurance Commission, jointly filed a motion to dismiss. Workforce West Virginia filed a separate motion to dismiss. The arguments and defenses asserted in these defendants' motions are identical in nature. Therefore, this Court considers them together.

Having determined that the complaint adequately invokes federal question jurisdiction, this Court next takes up the defendants' assertions that they are not subject to liability because they are entitled to immunity from suit under the United States Constitution and under the West Virginia Constitution.

2. <u>Sovereign Immunity under the Eleventh Amendment to the United States Constitution</u>

The named state-entity defendants are entitled to sovereign immunity under the Eleventh Amendment to the United States Constitution and, therefore, must be dismissed from this action. The Eleventh Amendment prohibits federal courts from entertaining suits brought by citizens against any state: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend XI. "Although the Amendment does not literally apply to actions brought against a State by its own citizens, the Amendment has long been held to govern such actions." <u>Florida Dept. of State v. Treasure Salvors, Inc.</u>, 458 U.S. 670, 683 (1982). Thus, as a general matter, a suit may not proceed directly against a state or against an agency or department of the state. <u>Alabama v. Pugh</u>, 438 U.S. 781. However, a state may waive its sovereign immunity and consent to suit in federal court. Such consent must be expressly and unequivocally made. <u>Port</u>

Authority Trans-Hudson Corp. v. Feeney, 495 U.S. 299, 305 (1990). Nevertheless, the mere fact that a state has waived its sovereign immunity from suits in its own courts is not a waiver of its Eleventh Amendment immunity in a federal forum. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 99 (1984). Absent such a waiver, claims in federal court against a state entity are barred under the Eleventh Amendment sovereign immunity. Notwithstanding sovereign immunity of the states, however, suits for damages against state officers in their individual capacities for violation of federal law are not deemed actions against the state, and are, therefore, not barred by the Eleventh Amendment. Scheuer v. Rhodes, 416 U.S. 232, 237 (1974); Hafer v. Melo, 502 U.S. 21, 31 (1991).

Here, although ascertaining the named defendants from the complaint is difficult, Posin's complaint appears to allege injuries and the taking of property resulting from the acts and conduct undertaken by state entities. Specifically, Posin claims that the state entities, through their attorneys, made deliberate misrepresentations to the state court to effect an adverse judgment against him for malicious purposes. Moreover, as relief, Posin seeks monetary damages directly against the State of West Virginia and its tax entities. Construing Posin's allegations liberally, this Court concludes that Posin has stated claims only against the state and arms of the state, entities which are entitled to

Eleventh Amendment sovereign immunity and which, therefore, may not be sued in federal court. Nothing on the record before this Court suggests that the defendants have waived sovereign immunity, nor has the plaintiff asserted any such arguments. Therefore, this Court finds that the state-entity defendants are entitled to immunity from suit in federal court and must be dismissed as parties to this action. Accordingly, the state-entities' motions to dismiss will be granted.[6]

B.  Motion to Dismiss by Ohio County Sheriff Thomas Burgoyne

Defendant Burgoyne's motion to dismiss will be granted because any claims that Posin may have stated against Burgoyne arise under state law, and this Court lacks supplemental jurisdiction to entertain the state law claims.

1.  The Parties' Contentions

Posin contends that Burgoyne executed an order of the Circuit Court of Kanawha County and closed Posin's business, locking out Posin and his son and seizing the business's inventory; that Burgoyne informed the media of the court order for purpose of publicly embarrassing and humiliating Posin; and that Burgoyne intimidated and harassed Posin's son concerning tax collections by making "veiled threats."

---

[6]This Court's disposition of the defendants' argument that they are entitled to sovereign immunity under the Eleventh Amendment to the United States Constitution makes it unnecessary to address their argument that they are immune from suit under the provisions of the West Virginia Constitution.

In response, Burgoyne argues that he is entitled to absolute immunity for shutting down the business and securing the assets of Posin's business because he was executing a facially valid court order. He also argues that Posin's allegation that Burgoyne informed the media that the court order would be executed does not state a claim upon which relief may be granted because court order was a public document being legally executed, and Burgoyne was under no obligation to treat the order as a confidential document. As to the allegation that Burgoyne made "veiled threats" against Posin's son relating to enforcement of taxes, Burgoyne contends that any such claim is not actionable by Posin, and further, conversation about tax enforcement is appropriate. Finally, Burgoyne contends that the complaint must be dismissed because a corporation cannot be represented pro se in federal court.

In his response, Posin clarifies, to some extent, his allegations against Burgoyne, stating that he does not fault Burgoyne for executing the state court order, but rather for notifying the media and making "public spectacle" of the closure of Posin's family business.

2. <u>Statement of a Claim and Subject Matter Jurisdiction</u>

In determining whether Burgoyne is entitled to absolute immunity, the Court must first determine whether Posin has stated a viable claim over which this Court has jurisdiction before addressing whether absolute immunity applies.

14

This Court concludes that Posin's allegations, liberally construed, set forth no federal cause of action, and to the extent that Posin may have potentially stated a state law cause of action, this Court lacks jurisdiction to entertain such claims.

In this action, Posin states that he is not asserting that Burgoyne's execution of the state court order was undertaken without lawful authority. Rather, he claims that Burgoyne informed the media of the execution of the court order and made public the closure of Posin's business for the malicious purposes of intimidating, embarrassing, and harassing him and his family. These allegations, liberally construed, implicate no claims arising under the law or Constitution of the United States.

Because Posin has not stated a federal cause of action against this defendant, and he has not demonstrated--nor, for that matter, has he alleged--diversity of citizenship, this Court may adjudicate the state law claim only if the claim warrants the exercise of supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). In cases where a district court has federal question jurisdiction over part of a case, supplemental jurisdiction may be exercised over claims by any party if such claims are sufficiently related to the federal claim to be part of the "same case or controversy." 28 U.S.C. § 1367(a).

Here, the only federal question claims in Posin's complaint allege civil rights violations against state-entity defendants

which may not be sued in federal court. Because those defendants must be dismissed, this Court is divested of the federal question jurisdiction it would otherwise possess over that portion of Posin's suit. Lacking federal question jurisdiction, this Court may not entertain any state law causes of action Posin may or may not have against Burgoyne. Because this Court finds that it does not have supplemental jurisdiction, Burgoyne's motion to dismiss will be granted.[7]

C. <u>Defendant Ohio County Sheriff Thomas Burgoyne's Motion for an Entry of an Order of Dismissal</u>

In light of this Court's disposition Burgoyne's motion to dismiss, Burgoyne's motion for an entry of an order of dismissal is now moot. Accordingly, it will be denied.

V. <u>Conclusion</u>

For the foregoing reasons, this Court GRANTS the motion to dismiss by defendants State of West Virginia and Insurance Commission of West Virginia. Further, this Court GRANTS the motion to dismiss by defendant Workforce West Virginia. This Court also GRANTS the motion to dismiss by defendant Ohio County Sheriff Thomas Burgoyne. Finally, this Court DENIES as moot the motion for an entry of dismissal by defendant Ohio County Sheriff Thomas

---

[7]Having determined that it does not have jurisdiction to adjudicate Posin's claims against Burgoyne, this Court does not address the remaining grounds for dismissal asserted in Burgoyne's motion.

Burgoyne.  Accordingly, it is ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of the judgment order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    February 6, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE